UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM HAMPTON,

    Plaintiff,

v.                    CASE NO: 8:09-cv-764-T-33TBM

GOODWILL INDUSTRIES,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's motions (Docs. # 17 & 18), which the Court construes as motions to strike Defendant's answer and for entry of clerk's default, and an emergency motion letter (Doc. # 20), which appears to seek Court guidance regarding the Case Management Report. Defendant filed a Memorandum of Law in Response to Plaintiff's motions to strike and for entry of clerk's default (Doc. # 19).

Plaintiff appears to be moving to strike Defendant's answer and for entry of default against Defendant because Defendant's answer was untimely. A review of the motions, the response and the file reveal, however, that Defendant's answer was timely filed and timely served on Plaintiff. Therefore, Plaintiff's motions to strike Defendant's answer and for entry of clerk's default are due to be denied. The Court notes that

Plaintiff's motions refer to "the Class Member" and "the Class Complaint," but that this case is not a class action, and, accordingly, class action rules are inapplicable to this action.

Plaintiff's emergency motion letter expresses concern about Defendant's request to confer regarding the case management report. Local Rule 3.05(c)(2)(B) states that:

> Counsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions, for the purpose of preparing and filing a Case Management Report.... The Case Management Report must be filed within 14 days after the meeting.

The paperwork and procedure described by Plaintiff in the emergency motion letter are standard procedure in this type of case and are required by the Court for purposes of scheduling deadlines in the case.

Finally, as Plaintiff is proceeding *pro se* in this matter, Plaintiff may benefit from a referral to the pro bono civil litigation project. The Federal Bar Association's Pro Bono Civil Litigation Project offers limited legal services free of charge to those involved in federal litigation *pro se* (without the assistance of an attorney). The Court determines that Plaintiff may be an individual who could benefit from the

free services that the Federal Bar Association provides, which includes advice about Court procedure. In the instance that Plaintiff is interested in taking advantage of these services, Plaintiff should fill out the attached form and mail it to the address provided therein.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's motions (Docs. # 17 & 18) are **DENIED.**

(2) Plaintiff's emergency motion letter (Doc. # 20) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of December, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record